United States District Court
District of Massachusetts

```
                                    )
Iatric Systems, Inc.,               )
                                    )
          Plaintiff,                )
                                    )
     v.                             )      Civil Action No.
                                    )      24-13116-NMG
Hamilton Health Sciences Corp.,     )
                                    )
          Defendant.                )
                                    )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

This case arises out of a contract dispute between plaintiff Iatric Systems, Inc. ("plaintiff" or "Iatric") and defendant Hamilton Health Sciences Corp. ("defendant" or "HHS"). Defendant moves to amend its answer (Docket No. 59), several months after amendments to the pleadings were due, to include a counterclaim under M.G.L. ch. 93A.  The parties also jointly seek to amend the scheduling order (Docket No. 78).  Both motions will be allowed but only because of extenuating circumstances.

## I.    Background

Plaintiff is an IT healthcare company that provided defendant with services with respect to electronic health records and a security audit system.  The parties' contractual relationship began in 2007 and was augmented with an additional

-1-

licensing agreement in 2017.  In broad terms, the present dispute concerns whether the 2017 agreement permitted organizations outside of the HHS hospital network but within HHS's database management system access to the software in question.  Plaintiff asserts that such access is an unwarranted expansion of the contract while defendant responds that the 2017 licensing agreement was entered into for that precise purpose.

Plaintiff filed a four-count complaint in December, 2024, which defendant answered in February, 2025.  In August, 2025, the Court allowed plaintiff's motion to dismiss, in part, by dismissing Counts I, II and III (but not Count IV) for failure to state claims.  Fact discovery commenced soon thereafter, from which HHS allegedly learned of internal Iatric emails that it believes subject Iatric to liability under Chapter 93A.  In December, 2025, based upon the newly discovered communications, defendant moved for leave to amend its answer and to add a counterclaim under Chapter 93A.  Plaintiff timely opposed.

## II.  Motion for Leave to File an Amended Answer

### A. Legal Standard

Under Fed.R.Civ.P. 15(a), a party may amend a pleading more than 21 days after its service only with consent of the opposing party or upon leave of court.  Such leave will typically be granted if justice so requires. Fed.R.Civ.P. 15(a)(2). Once a scheduling order has been entered, however, that standard is

replaced by the more demanding "good cause" standard of Rule 16(b), which focuses more on the diligence of the movant than the prejudice to the nonmovant. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).  A court may deny leave to amend based upon undue delay, bad faith on the part of the movant or futility of the amendment. McLeod v. Fessenden Sch., 624 F. Supp. 3d 36, 43-44 (D. Mass. 2022).

### B. Application

Defendant asserts that leave to amend its answer should be allowed here because evidence of Iatric's alleged bad faith was unavailable to defendant prior to the December, 2025, production.  Iatric retorts that 1) the inclusion of a Chapter 93A counterclaim would be futile where the alleged conduct occurred outside of Massachusetts and 2) the facts underlying the claim were known to defendant when it filed its answer.

Iatric is incorrect in both regards.  First, Iatric claims that, because it is based in Florida and HHS in Canada, the challenged conduct cannot support a Chapter 93A counterclaim. That reasoning ignores HHS's allegation that, at the time the Chapter 93A violation occurred, Iatric was a Massachusetts-based company with Massachusetts-based employees.  Whether or not the conduct occurred within the Commonwealth is a question to be determined through discovery, but, at this stage of the litigation, the Court accepts as true all non-conclusory factual

-3-

allegations in the counterclaim. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

Plaintiff's contention that defendant was previously aware of the factual underpinnings of its counterclaim is equally unavailing. Iatric recites paragraphs 78 through 86 of HHS' counterclaim in support of its contention that such facts were known to HHS at the outset but that assertion ignores the preceding 77 paragraphs in which HHS describes the alleged newfound facts supporting its motion.

The Court concludes that HHS has shown good cause to amend its answer. The factual basis for its Chapter 93A claim was purportedly unknown to it when it answered the complaint in February, 2025. HHS concedes that, at that time, the inclusion of such a counterclaim would have been improper but asserts that its belated filing is a product of prudence rather than a lack of diligence. Furthermore, because the counterclaim is premised upon nearly identical facts as alleged in the complaint, the prejudice to Iatric is minimal.

## III. Motion to Amend the Scheduling Order

The parties also seek a 90-day extension of the current deadlines in this case. A scheduling order may be modified only for good cause. Fed.R.Civ.P. 16(b)(4). Based upon defendant's forthcoming amendment to its answer, as well as the reasons outlined in the parties' joint motion (Docket No. 78), the Court

-4-

finds good cause to amend the scheduling order as requested.  No further extensions will be granted.

**ORDER**

For the forgoing reasons, defendant's motion for leave to file an amended answer (Docket No. 59) and the parties' joint motion to amend the scheduling order (Docket No. 78) are **ALLOWED**.


**So ordered.**

_Nathaniel M. Gorton_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: April 10, 2026