**United States District Court for the**
**District of Massachusetts**

| | | |
|---|---|---|
| **Iatric Systems, Inc.,** | ) | **Civil Action No.** |
| **Plaintiff,** | ) | **24-13116-NMG** |
| **v.** | ) | |
| **Hamilton Health Sciences Corp.,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is a motion to strike two counterclaims in an amended answer filed by Defendant Hamilton Health Sciences Corporation ("defendant" or "Hamilton") in response to the complaint filed by Plaintiff Iatric Systems, Inc. ("plaintiff" or "Iatric").

## I. <u>Background</u>

The pending motion to strike arises from a breach of contract claim in which Iatric alleges that Hamilton failed to obtain additional approvals or pay applicable fees in violation of the parties' software licensing agreement.

In December, 2025, Hamilton moved for leave to amend its answer to add a counterclaim against Iatric for unfair and deceptive trade practices in violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, §2, which the Court

granted in April, 2026. In its amended answer, however, Hamilton also included counterclaims alleging unfair and deceptive trade practices in violation of Florida statutes and the Delaware Consumer Fraud Act.

Plaintiff subsequently moved to strike those counterclaims, contending that Hamilton's failure to include them in its initial amended answer attached to its motion for leave to file prohibits Hamilton from including those counterclaims in the amended answer as filed. Defendant Hamilton timely opposed the motion to strike in May, 2026, and for the reasons below, the Court will deny the motion to strike.

## II. Motion to Strike

### A. Legal Standard

The Court has discretionary power to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter", however, it is a narrow and drastic remedy that is generally disfavored. Fed. R. Civ. P. 12(f); see Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 59 (1st Cir. 2013); Zurich Am. Ins. Co. v. Watts Regulator Co., 796 F. Supp. 2d 240, 246 (D. Mass. 2011). The burden is on the moving party to demonstrate that the allegations should be stricken pursuant to Fed. R. Civ. P. 12(f). See Alston v. Town of Brookline, Mass., 321 F.R.D. 41, 43 (D. Mass. 2017). Such motions should only be granted in extraordinary circumstances, and, most often, only when there is

a "showing of prejudice to the moving party." Hayes v. McGee, 2011 WL 39341, at *2 (D. Mass. Jan. 6, 2011).

**B. Application**

In its amended answer, Hamilton asserts three counterclaims for relief for unfair and deceptive trade practices under the laws of Massachusetts, Florida and Delaware. Iatric avers that because the alleged violations of Florida and Delaware law were not included in the initial amended answer attached to the motion for leave to file, Hamilton effectively over-reached this Court's permission to amend and thus the counterclaims must be stricken. Hamilton responds that:

1) the additional claims are not redundant, immaterial, impertinent or scandalous under Fed. R. Civ. P. 12(f) (and Iatric makes no attempt to suggest otherwise) and
2) the additional claims under Delaware and Florida law were pled in the alternative to the counterclaim under Massachusetts Law, not as new counterclaims.

Nowhere does Iatric assert that the additional counterclaims are "redundant, immaterial, impertinent, or scandalous." Instead, it cites two unpersuasive cases from another circuit for the proposition that a party cannot file a complaint that does not match the complaint attached to the motion to amend. The Court sees no issue with Hamilton

including alternative counterclaims under different state laws in its amended answer.

Furthermore, the Court is persuaded that the counterclaims under the laws of Delaware and Florida alleging unfair and deceptive trade practices are pled in the alternative to the counterclaim under M.G.L. c. 93A. In its order allowing leave to file an amended answer, this Court found that whether or not the conduct primarily occurred in Massachusetts would be determined through discovery. It is reasonable, therefore, for Hamilton to include alternatives for relief should the Court determine Massachusetts law is not applicable. The alternative counterclaims rely on the same facts and circumstances. Moreover, Iatric could have, but did not, file a sur-reply addressing them. The motion to strike will therefore be denied.

**Order**

For the reasons set forth herein, plaintiff's motion to strike [Docket No. 84] is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: November 23, 2026